## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELK CITY GOLF AND COUNTRY CLUB, <br><br> Plaintiff, <br><br> v. <br><br> PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br><br> Defendant. | Case No:   CIV-18-196-D <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

1.      Philadelphia Indemnity Insurance Company ("Philadelphia Insurance") sold and issued to Plaintiff a commercial property insurance policy covering the Elk City Golf and County Club's real and personal property at 108 Lakeridge Road, Elk City, Oklahoma.   The subject insurance policy number is PHPK1627803.   This insurance policy was sold to Plaintiff by Defendant's agent, Western Oklahoma Insurance Agency ("Insurance agent").

2.      Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391.   The insurance policy was issued here and the insured property is located here and the breaches described below happened here.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties have diverse citizenship and the amount in controversy exceeds the jurisdictional amount, exclusive of costs and interest.   Plaintiff is incorporated and

domiciled in Oklahoma and has its principle place of business in Oklahoma.  Defendant

is incorporated and domiciled and has its principle place of business in Pennsylvania.

4.      The subject insurance policy was in full force and effect on May 16, 2017

when Plaintiff's buildings, grounds and property were substantially damaged and

destroyed in a tornado, a covered cause of loss in the insurance policy.

## COUNT I

All previous allegations are incorporated by reference, and Plaintiff further alleges

and states:

5.      Plaintiff made a timely claim for policy benefits, cooperated in the

investigation that the Philadelphia Insurance adjuster requested and otherwise complied

with all conditions precedent for coverage and payment under the policy and therefore

Philadelphia Insurance was obligated to pay the full amount under the policy to

indemnify Plaintiff and repair and/or replace the damage to Plaintiff's property.

6.      Philadelphia Insurance breached the insurance policy by refusing to pay the

full amount of covered damages in a timely manner and by denying coverage for the full

amount of increased cost of construction necessary to rebuild, repair and replace the

damaged and destroyed buildings.  Defendant is fully aware of the property that was

damaged in the tornado and the amounts Plaintiff has claimed and that are necessary to

repair and replace the damaged property.  Defendant has inspected, photographed and

received detailed replacement/repair estimates on all of the building.

7.      As a direct result of Philadelphia Insurance's breach of the subject

insurance policy Plaintiff has suffered loss of policy benefits, loss of income, damage to

2

reputation, loss of membership and other financial loss, and damage to its business which is ongoing.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Philadelphia Indemnity Insurance Company for compensatory damages in an amount in excess of the jurisdictional damage amount required for diversity jurisdiction under 28 U.S.C.A. §1332.

## COUNT II

All previous allegations are incorporated by reference, and Plaintiff further alleges and states:

8.      In its handling of Plaintiff's claims, Defendant Philadelphia Insurance breached the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:

    a.   failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits;

    b.   failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c.   withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

    d.   refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

    e.   refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

    f.   refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i. utilizing pre-determined positions to support denial rather than searching out objective information and evidence to evaluate the claim;

j. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable; and,

k. failing to properly evaluate any investigation that was performed;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to Philadelphia Insurance.

9.     As a direct result of Philadelphia Insurance's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of insurance policy benefits, loss of business income, damage to reputation and damage to future business.

10.    The actions of Defendant Philadelphia Insurance were reckless and wanton and/or intentional and malicious thereby entitling Plaintiff to recover punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Philadelphia Indemnity Insurance Company in an amount in excess of the jurisdictional damage amount required for diversity jurisdiction under 28 U.S.C.A. §1332, for compensatory damages and further for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

5

**MANSELL ENGEL & COLE**

By: s/Steven S. Mansell

Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
**JURY TRIAL DEMANDED**        M. Adam Engel, OBA #32384
**ATTORNEY LIEN CLAIMED**      101 Park Avenue, Suite 665
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
**ATTORNEYS FOR PLAINTIFF**