# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ELK CITY GOLF AND COUNTRY CLUB, INC.,

    Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

    Defendant.

Case No. CIV-18-196-D

## ORDER

Before the Court is Defendant's Motion to Strike Summary Judgment Evidence [Doc. No. 47]. Plaintiff responded in opposition [Doc. No. 51], and Defendant replied [Doc. No. 54]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff's breach of contract and bad faith claims arise out of an insurance policy issued by Defendant to Plaintiff. Plaintiff alleges that its real and personal property was damaged and destroyed by a tornado on May 16, 2017.

Defendant has filed a Motion for Summary Judgment [Doc. No. 38], arguing it is entitled to a judgment on Plaintiff's claims as there is no genuine dispute as to any material fact. Plaintiff responded, and Plaintiff's response [Doc. No. 45] includes several exhibits to which Defendant objects and moves to strike, including Exhibit Nos. 1, 3, 5-8, 11, and 13-17. Defendant subsequently filed its Motion to Strike Summary Judgment Evidence [Doc. No. 47].

## STANDARD OF DECISION

In moving to strike summary judgment evidence, a separate motion to strike is not necessary. *See* FED. R. CIV. P. 56 advisory committee's note to 2010 amend. ("There is no need to make a separate motion to strike."). Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). Congress amended FED. R. CIV. P. 56 in 2010 to include this language. "Before this amendment, parties properly challenged evidence used in a summary judgment motion by filing a motion to strike …. The plain meaning of these provisions shows that objecting to the admissibility of evidence supporting a summary judgment motion is now a part of summary judgment procedure, rather than a separate motion to be handled preliminarily." *Campbell v. Shinseki,* 546 Fed. Appx. 874, 879 (11th Cir. 2013) (internal citation omitted); *see also Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) ("[I]t is no longer necessary for a party to file such a motion; instead, the party may simply object to the material.").

## DISCUSSION

In accordance with the 2010 changes to Rule 56(c)(2), the Court will consider Defendant's Motion to Strike Summary Judgment Evidence as an objection to the admissibility of Plaintiff's Exhibit Nos. 1, 3, 5-8, 11, and 13-17. This motion and all related filings will be addressed as such in the Court's forthcoming Order ruling on Defendant's Motion for Summary Judgment.

**CONCLUSION**

Based on the foregoing, Defendant's Motion to Strike Summary Judgment Evidence [Doc. No. 47] is DENIED as set forth herein.

**IT IS SO ORDERED** this 27th day of September 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge