# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ELK CITY GOLF AND COUNTRY )
CLUB, INC., )
                     )
         Plaintiff, )
                     )
v. )       Case No. CIV-18-196-D
                     )
PHILADELPHIA INDEMNITY )
INSURANCE COMPANY, )
                     )
         Defendant. )

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery [Doc. No. 43]. Defendant responded in opposition [Doc. No. 48], and Plaintiff replied [Doc. No. 50]. Upon consideration of these filings, the Court finds no need for a hearing, and issues its ruling.

## BACKGROUND

Plaintiff's breach of contract and bad faith claims arise out of an insurance policy issued by Defendant to Plaintiff. Plaintiff alleges that its real and personal property was damaged and destroyed by a tornado on May 16, 2017. Plaintiff seeks to compel the production of Defendant's entire claim file and information regarding Defendant's loss reserves for Plaintiff's claims. Defendant contends that Plaintiff's request for the entire claim file is overly broad, unduly burdensome, and purportedly requires Defendant to

produce documents that are privileged and irrelevant.[1]  Further, Defendant argues that

information concerning its loss reserves is not relevant to Plaintiff's claims or likely to lead

to the discovery of admissible evidence.  Plaintiff clarifies in its reply brief that it does not

seek to discover communications between Defendant and its counsel or any attorney work

product, and that to the extent any such privileged information is contained in the claim

file, Defendant may properly redact it.

## DISCUSSION

Pursuant to FED. R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case …."  The considerations that bear on proportionality include: "the

importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit."  FED. R. CIV. P. 26(b)(1).  "Information within this

scope of discovery need not be admissible in evidence to be discoverable."  *Id.* Thus,

relevance for purposes of discovery remains broader than relevance for purposes of trial

admissibility.  However, discovery is not intended to be a "fishing expedition."  *See McGee

v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. July 22, 2002) (unpublished).[2]  "[B]road

---

[1] Defendant asserts, however, that it "went ahead and produced the entirety of its claim file
related to this claim, saving only the privileged documents and any documents post-dating
the commencement of litigation."  [Doc. No. 48 at 1].

[2] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). When the request is overly broad, or relevance is not clear, the party seeking the discovery has the burden to show the relevance of the request. *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

"The party seeking to assert a privilege has the burden of establishing its applicability." *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995); *accord In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010). In this diversity case, Defendant's claim of attorney-client privilege is governed by Oklahoma law. *See Seneca Ins. Co. v. W. Claims, Inc.*, 774 F.3d 1272, 1275 (10th Cir. 2014); FED. R. EVID. 501. Oklahoma has codified its legal rules regarding the attorney-client privilege, which protects "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." OKLA. STAT. tit. 12, § 2502(B). "[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege"; rather, the "'communication between a lawyer and client must relate to legal advice or strategy sought by the client.'" *In re Grand Jury Proceedings*, 616 F.3d at 1182 (*quoting Motley*, 71 F.3d at 1550-1551); *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998).

In all federal court litigation, attorney work product is governed by Rule 26(b)(3) of the Federal Rules of Civil Procedure. *See Frontier Ref., Inc. v. Gorman-Rupp Co.,* 136 F.3d 695, 702 n. 10 (10th Cir. 1998) ("Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in

FED. R. CIV. P. 26(b)(3).") (internal quotation omitted). This rule generally protects from disclosure documents "prepared in anticipation of litigation or for trial" by a party's attorney or other representative. *See* FED. R. CIV. P. 26(b)(3)(A). "Rule 26(b)(3) prevents discovery of an attorney's work product unless (1) the discovering party can demonstrate substantial need for the material and (2) the discovering party is unable to obtain the substantial equivalent of the material by other means without undue hardship." *Frontier Ref.*, 136 F.3d at 704 (footnote omitted). The rule provides additional protection for "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." FED. R. CIV. P. 26(b)(3)(B).

Defendant asserts in its response that it produced the entire claim file, absent privileged documents and documents created since the commencement of litigation. Plaintiff clarifies in its reply brief that it does not seek to discover communications between Defendant and its counsel or any attorney work product, and that to the extent any such privileged information is contained in the claim file, Defendant may properly redact it. Plaintiff does seek Defendant's "complete claim file for this claim which should include all of the claim adjusters' claim activity to the present" and Defendant's loss reserves. [Doc. No. 50].

Defendant is not required to produce documents that it has already produced, and Defendant has produced a redacted version of its claim file with a privilege log to Plaintiff. To determine whether Defendant has met its burden of proving the existence of a privilege, the Court will need to review the unredacted documents *in camera*. Accordingly, Defendant shall submit the unredacted documents to chambers within 14 days of this Order

for an *in camera* review by the Court. An order will issue thereafter as to whether, or to what extent, the documents will be released to Plaintiff.

The Court now turns to issue concerning Defendant's loss reserves. The Court finds that discovery of Defendant's loss reserves is relevant to Plaintiff's bad faith claim and is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1); *see e.g., Shadid, L.L.C. v. Aspen Specialty Ins. Co.,* Case No. CIV-15-595-D, 2018 WL 3420816, at *5 (W.D. Okla. July 13, 2018) (on a motion in limine, the court held that evidence of the insurance company's loss reserves was relevant to the insured's bad faith claim). Plaintiff contends that Defendant set a $2,575,703.80 loss reserve on Plaintiff's insurance claim [Doc. No. 45-5], and Defendant's own adjuster, Ronald Murchek, preliminarily estimated the total loss at $2.5 million [Doc. Nos. 45-3 at 2, 45-4 at 2]. Discovery of Defendant's loss reserves is relevant to show Defendant's internal assessment of the claim's potential value and is relevant to the subjective component of Plaintiff's bad faith claim. *See ONEOK, Inc. v. Nat'l Union Fire Ins. Co.*, Case No. CIV-06-200-GKF-SAJ, 2007 WL 2891519, at * 4-5 (N.D. Okla. Sept. 28, 2007) (sustaining the plaintiff's motion to compel and finding that the defendant's loss reserves were discoverable because they were relevant to the subjective intent component of the plaintiff's bad faith claim); *see also Fox v. Country Mut. Ins. Co.*, Case No. CIV-17-1228-SLP (W.D. Okla. Nov. 27, 2018) [Doc. No. 118] (denying the defendant's motion in limine and finding that evidence of the defendant's loss reserves was relevant and not substantially outweighed by any danger of unfair prejudice).

Accordingly, Defendant shall provide Plaintiff with the date and amount of all reserves established for Plaintiff's claim within 14 days from the date of this Order.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Compel Discovery [Doc. No. 43] is GRANTED in part and RESERVED in part, as set forth herein.

**IT IS SO ORDERED** this 15th day of November 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge